UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DUNKIN' DONUTS FRANCHISING LLC and BASKIN-ROBBINS FRANCHISING LLC, <br><br> Plaintiffs, <br><br> v. <br><br> NANCE PRETTO SIMMONS, a/k/a NANCE PRETTO-SIMMONS and NKJ LUSBY DONUTS LLC, <br><br> Defendants. | No. 1:17-cv-11152-MLW |

**MOTION FOR ENLARGEMENT OF TIME FOR SERVICE OF PROCESS
AND ORDER PERMITTING SUBSTITUTE SERVICE ON DEFENDANT
<u>NANCE PRETTO SIMMONS A/KA/ NANCE PRETTO-SIMMONS</u>**

Pursuant to Federal Rules of Civil Procedure 6(b), 4(m), 4(e)(1), Maryland Rule of Civil Procedure 2-121(b)-(c) and Local Rule 4.1(b), Plaintiffs Dunkin' Donuts Franchising LLC and Baskin-Robbins Franchising LLC (collectively, "Dunkin'") hereby move for an enlargement of the time period for service of process on Defendant Nance Pretto Simmons, a/k/a Nance Pretto-Simmons ("Pretto") by sixty (60) days and an order permitting substitute service on Pretto pursuant to Maryland Rule of Civil Procedure 2-121(b) or (c). In support of this Motion, Dunkin' submits the accompanying Affidavits of Jeffrey A. Carr ("Carr. Aff."), Jaclyn M. Essinger ("Essinger Aff."), and Jeffrey L. Karlin ("Karlin Aff."), and states as follows:

1. In April 2017, Ms. Pretto's attorney threatened to file a lawsuit against Dunkin' on behalf of Ms. Pretto. *See* Carr Aff. ¶ 2; *see also* Complaint, ¶ 62, ECF No. 1.

2. The parties subsequently attempted to resolve their dispute through mediation, however those efforts were unsuccessful. *See* Carr Aff. ¶ 4.

3. On June 21, 2017, Dunkin' filed its Complaint for Declaratory Judgment against Defendants Ms. Pretto and NKJ Lusby Donuts LLC. *See* Essinger Aff. ¶ 2.[1]

4. Under the Franchise Agreement Ms. Pretto entered into with Dunkin' on July 15, 2006, she designated herself as the "Designated Representative" for the Dunkin' Donuts/Baskin-Robbins combination restaurant located at 174 Village Center Drive, Lusby, Maryland, 20657 (the "Lusby Franchise"). *See* Franchise Agreement, Ex. B. to Complaint, ECF No. 1-4, at page 1, Contract Data Schedule, ¶ K. As defined by the Franchise Agreement, the "Designated Representative" is the "person from time to time designated by the FRANCHISEE as being responsible for the day-to-day operation of the [franchise]." *Id.* at page 2, Definitions, ¶ H. Under the Franchise Agreement, Ms. Pretto agreed that NKJ Lusby Donuts LLC could receive notices at the Lusby Franchise. *Id.* at page 1, Contract Data Schedule, ¶ I. Ms. Pretto is currently the 100% owner of NKJ Lusby Donuts LLC. *See* Karlin Aff. at ¶ 4.

5. On June 22 and June 27, 2017, counsel for Dunkin' e-mailed the attorney who represented Ms. Pretto during the mediation asking whether he would accept service on Ms. Pretto's behalf. Dunkin' never received a response from Ms. Pretto's attorney. *See* Carr Aff. ¶¶ 6-8.

6. On June 28, 2017, Dunkin' commenced formal service of process pursuant to Fed. R. Civ. P. 4(f)(1) and Md. R. 2-121(a)(3), by sending copies of the Summons, Complaint, Exhibits, Civil Action Cover Sheet, Category Form, and Corporate Disclosure Statement via

---

[1] Dunkin' successfully and timely served the Summons and Complaint upon NKJ Lusby Donuts, LLC on August 2, 2017 through personal service upon NKJ Lusby Donuts LLC's registered agent. *See* Affidavit of Service, ECF No. 4.

certified mail requesting "Restricted Delivery" to the address of Ms. Pretto's last known personal residence, 4210 Beach Dr., Chesapeake Beach, Calvert, Maryland 20732 (the "Beach Dr. address").[2] *See* Essinger Aff. ¶ 3. Pursuant to Md. R. 2-121(a), service under this method is complete upon delivery. *See* Md. R. 2-121(a).

7. The United States Postal Service ("USPS") attempted to effect Restricted Delivery on July 1, 2017 and July 7, 2017. An authorized recipient was not present either time. USPS left notices at the Beach Dr. address and held the package until July 20, 2017 before returning the undelivered package to undersigned counsel. *See* Essinger Aff. ¶ 4.

8. Thereafter, Dunkin' engaged Capital Process Services, Inc. to personally serve Ms. Pretto pursuant to Fed. R. Civ. P. 4(e)(2)(A) and Md. R. 2-121(a)(1). Capital Process Services, Inc. attempted to serve Ms. Pretto on five (5) occasions between July 22, 2017 and July 26, 2017 through personal delivery of the Summons, Complaint, and accompany documents to Ms. Pretto at the Beach Dr. address. All attempts were unsuccessful. *See* Essinger Aff. ¶ 5.

9. On or about July 24, 2017, Dunkin' learned that Ms. Pretto was spending the summer in Canada. As of the date of the filing of this motion, Dunkin' understands that Ms. Pretto still remains in Canada. While Dunkin' does not know the exact date on which Ms. Pretto is expected to return to Maryland, Dunkin' believes that Ms. Pretto may remain in Canada through the end of September. *See* Karlin Aff. ¶ 3.

10. On September 6, 2017, counsel for Dunkin' spoke with Ms. Pretto's attorney on the telephone. Ms. Pretto's attorney refused to accept service on behalf of Ms.

---

[2] In addition to being her last known personal address, Ms. Pretto identified the Beach Dr. address as the place where Dunkin' should send notices to her regarding the most recent Store Development Agreement at issue in this case, dated August 26, 2011. *See* Store Development Agreement, Ex. F to Complaint, ECF No. 1-8, at paragraph 11.C).

Pretto, suggested that his client was not interested in defending this action, and said "good luck" in trying to serve her. *See* Carr Aff. ¶¶ 12-13.

11. Pursuant to Fed. R. Civ. P. 4(m), Dunkin's deadline for serving the Complaint on Ms. Pretto is September 19, 2017.

12. Pursuant to Md. R. 2-121(b) and (c), the Court may enter an order permitting substitute service under the following circumstances:

    a. "**Evasion of Service.** When proof is made by affidavit that a defendant has acted to evade service, the court may order that service be made by mailing a copy of the summons, complaint, and all other papers filed with it to the defendant at the defendant's last known residence and delivering a copy of each to a person of suitable age and discretion at the place of business of the defendant." Md. R. 2-121(b); or

    b. "**By Order of Court.** When proof is made by affidavit that good faith efforts to serve the defendant pursuant to section (a) of this Rule have not succeeded and that service pursuant to section (b) of this Rule is inapplicable or impracticable, the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice." Md. R. 2-121(c).

13. Good cause exists to enlarge the time for service of the Summons and Complaint by sixty (60) days and to enter an order permitting substitute service under Md. R. 2-121(b) or (c).

14. Based on the above, Dunkin' has ample reason to believe that Ms. Pretto is actively acting to evade service. Even if the Court determines that the evasion of service provision is not applicable, substitute service is appropriate because, as set forth above and in the supporting affidavits, Dunkin' has made several diligent and timely attempts to serve Ms. Pretto through certified mail and personal delivery at the Beach Dr. address, which is both her last known personal address and an address at which she conducts business. Dunkin' subsequently learned that its attempts at service under these methods were unsuccessful because Ms. Pretto was in Canada. Based on current knowledge, Ms. Pretto is still in Canada and may still be in Canada on and after September 19, 2017, despite the fact that she is the Designated

Representative for NKJ Lusby Donuts LLC with respect to the Lusby Franchise and is responsible for its day-to-day operations Permitting Dunkin' to serve Ms. Pretto by mailing the documents to the Beach Dr. address and delivering copies to a person of suitable age and discretion at the Lusby address, or through some other means the Court deems appropriate, is necessary and justified under either Md. R. 2-121(b) or (c).

15. Additionally, good cause exists for extending the time for service by sixty (60) days to provide adequate time to allow Dunkin' to effectuate the substitute service requested or to effectuate any other method of service the Court deems proper.

WHEREFORE, Dunkin' respectfully requests that this Court issue an Order: (1) permitting Dunkin' to effectuate service on Ms. Pretto by mailing copies of the Summons, Complaint, and accompanying documents to the Beach Dr. address and delivering copies of the aforementioned documents to a person of suitable age and discretion at the Lusby Franchise or by any other means the Court deems appropriate; and (2) enlarging the time period for service of the Summons, Complaint and accompanying documents on Ms. Pretto by sixty (60) days to November 18, 2017.

Respectfully submitted:

/s/ *Jaclyn M. Essinger*
PEPPER HAMILTON LLP
William M. Taylor (BBO#624981)
Jaclyn M. Essinger (BBO#679695)
125 High Street
19th Floor, High Street Tower
Boston, MA 02110
617.204.5100
taylorw@pepperlaw.com
essingerj@pepperlaw.com

*Attorneys for Plaintiffs*
*Dunkin' Donuts Franchising LLC*
*and Baskin-Robbins Franchising LLC*

Dated: September 12, 2017

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)

Defendants have not entered an appearance, nor has counsel entered an appearance on behalf of either of the Defendants. Accordingly, counsel for Dunkin' has been unable to confer with counsel regarding this motion pursuant to Local Rule 7.1(a)(2). As set forth in the above motion, however, to the extent Mr. Marks still represents Ms. Pretto, he has refused to accept service of the Summons and Complaint on behalf of Ms. Pretto.

/s/ *Jaclyn M. Essinger*
Jaclyn M. Essinger (BBO#679695)

## CERTIFICATE OF SERVICE

I hereby certify that this document filed on September 12, 2017 through the Court's CM/ECF system will be sent electronically to the registered participants as identified on the NEF, and served via first class mail to Defendants' last known addresses as follows:

NKJ Lusby Donuts, LLC
c/o Reginald Pretto
65 Cambridge Road
Montclair, NJ 07042

Nance Pretto Simmons
4210 Beach Drive
Chesapeake Beach, MD 20732

/s/ *Jaclyn M. Essinger*
Jaclyn M. Essinger (BBO#679695)
